**SO ORDERED.**

**SIGNED this 08 day of August, 2012.**

_____
Randy D. Doub
United States Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

LICHTIN/WADE, LLC                                        CHAPTER 11
                                                                     CASE NO. 12-00845-8-RDD

      DEBTOR

ORDER DENYING MOTION
TO DETERMINE CLASSIFICATION OF CLAIMS

Pending before the Court is the Motion of ERGS II, L.L.C. to Determine Classification of Claims (the "Motion") filed by ERGS II, L.L.C. on May 4, 2012 and the Debtor's Response to Motion of ERGS II, L.L.C. to Determine Classification of Claims (the "Response") filed by Lichtin/Wade, LLC (the "Debtor") on May 29, 2012. The Court conducted a hearing on May 30, 2012 to consider the Motion and the Response. As directed by the Court, on July 30, 2012 ERGS filed the Supplemental Brief in Support of Motion of ERGS II, L.L.C to Determine Classification of Claims and Request for Ruling.

On March 26, 2012, the Debtor filed a proposed plan of reorganization and disclosure statement. On April 11, 2012, the Debtor withdrew the plan and disclosure statement and re-filed its plan and the disclosure statement. On May 4, 2012, ERGS filed the Motion objecting to the

Debtor's plan on the basis that the Debtor had improperly classified claims resulting in gerrymandering. Specifically, ERGS argued its significant deficiency claim almost equaled the total of all non-insider unsecured claims and would control the unsecured class but for the Debtor's improper classification of three separate claims of similarly situated, impaired, non-insider unsecured creditors. On May 29, 2012 the Debtor filed its Response disputing ERGS' deficiency claim. The Debtor argued that ERGS did not have standing to assert improper classification of claims because ERGS did not in fact have a deficiency claim which would allow it to vote separately from its secured claim. Further, even if ERGS did have standing to assert improper classification, the Debtor argued that it did not classify claims in order to obtain the affirmative vote of a class of claims that was impaired, and was not engaging in gerrymandering.

At the hearing on May 30, 2012, the Court heard arguments from counsel and took the Motion under advisement and ordered the case to mediation. On July 10, 2012, the Court conducted a hearing on pending matters and the Debtor announced its intention to file an amended plan and amended disclosure statement. Based on this information ERGS represented to the Court that the issues raised in the Motion may no longer exist and it would need an opportunity to review the Debtor's future amended plan. ERGS indicated it would either withdraw its Motion, notify the Court to reschedule the Motion for a later hearing date or request a ruling by the Court.

On July 19, 2012, ERGS filed its First Amended Plan of Reorganization ("Amended Plan"). On July 30, 2012, ERGS filed its Supplemental Brief in Support of Motion of ERGS II, L.L.C. to Determine Classification of Claims and Request for Ruling, requesting the Court to rule on the Motion. ERGS contends the Amended Plan separately classifies a "secured setoff claim" asserted by the Wade Master Association and classifies assumed contracts and leases in a separate class. the

Additionally, ERGS contends the Debtor improperly classifies lease-related payments to Aviation Management Group, LLC (AMG) in that only one lease payment remains owing to AMG in the amount of $1,200.00 and the Debtor proposes to make payments on the claim over three years at a 5% interest rate. ERGS contends the inclusion of the lease-related claims and the proposed treatment of the claims under the Amended Plan are inappropriate and constitute artificial impairment. Further ERGS contends that the claim of Triangle Mechanical, Inc. ("Triangle") is based on a claim of lien on funds owed by the Debtor to Lichtin Construction. ERGS contends that the Debtor does not owe any funds to Lichtin Construction in relation to the project upon which the lien on funds was served, and therefore the Debtor does not have an actual, direct claim against the Debtor.

The Court finds the Debtor's Amended Plan does not improperly classify claims. The Debtor and ERGS have stipulated that ERGS is entitled to a secured claim in the amount of $38,390,000.00. The Debtor represents that since the filing of the petition, the Debtor has made monthly adequate protection payments to ERGS which will bring the amount of ERGS' secured claim below $38,390,00.00. Therefore, the Debtor contends ERGS is entitled to have what would otherwise be treated as an unsecured claim treated as part of its secured claim.

The Debtor's Amended Plan contains three classes of unsecured claims: Class 6 - Administrative Convenience Class consisting of all allowed, undisputed, non-contingent general unsecured claims of $5,000 or less, and general unsecured claims in excess of $5,000.00 which gave written notice to the Debtor prior to the effective date that they waived their claim in excess of $5,000 and elected to be treated in this class; Class 7 - General Unsecured Claims - consisting of all allowed, undisputed, non-contingent general unsecured claims listed in the Debtor's schedules or

as otherwise approved by the Court greater than $5,000; and Class 8 - Intercompany Claims - consisting of all allowed undisputed, non-contingent unsecured intercompany claims.

Section 1129(a)(10) requires that at least one impaired class vote to accept the plan without regard to the vote of any insider. Excluding insiders from impaired classes who vote on the reorganization plan stems primarily from the desire to protect the interests of other creditors. *In re Gilbert*, 104 B.R. 206, 210 (Bankr. W.D. Mo. 1989). The Debtor's Amended Plan defines Intercompany Claim as "any obligation between the Debtor and any Insider or Affiliate." Accordingly, Class 8 consists of insider claims whose votes will not be considered for purposes of 11 U.S.C. § 1129(a)(10).

Section 1122 of the Bankruptcy Code provides that "a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class." 11 U.S.C. § 1122. Section 1122 "does not require that all substantially similar claims be placed within the same class." *In re Grandfather Mountain Ltd. Partnership*, 207 B.R. 475 at 483 (Bankr. M.D.N.C. 1996). "[W]here separate classes are created but each class receives the same treatment, the classification will be regarded as done for the purpose of manipulating vote." *Id.* (citing *In re Bryson Properties, XVIII*, 961 F.2d 496 (4th Cir. 1992), *cert. denied*, 506 U.S. 866, 113 S.Ct. 191, 121 L.Ed.2d 134 (1992). As to Class 6 and Class 7, while each is an unsecured claim each class receives a different treatment under the Debtor's Amended Plan. Further, for administrative convenience a "plan may designate a separate class of claims consisting only of every unsecured claim that is less than or reduced to an amount the court approves as reasonable and necessary." 11 U.S.C. § 1122(b). The Court does not find the separate classification

of unsecured claims in the Debtor's Amended Plan was classified for the purpose of manipulating creditor's votes on the Amended Plan.

Class 2 consists of the claim of Wade Master Association. Wade Master Association filed Proof of Claim No. 16 stating a secured claim in the amount of $23,000.00 and an unsecured claim in the amount of $72,231.03. Class 2 has been designated as an unimpaired class under the Amended Plan and as a result cannot be an unimpaired class entitled to vote under the Amended Plan. Similarly, Class 4 consists of assumed contracts and leases and is an unimpaired class not entitled to vote under the Amended Plan. Further, 11 U.S.C. § 1123 states a plan may "provide for the assumption, rejection, or assignment of any executory contract or unexpired lease of the debtor not previously rejected." 11 U.S.C. § 1123(b)(2). Therefore, the Court does not find the Debtor classified Class 2 or Class 4 for the purpose of manipulating creditors votes on the Amended Plan.

Class 3 consists of the claims of AMG which relate to the Debtor's lease of two generators. AMG, a company owned by Mr. Lichtin's personal pilot, purchased the claims from Caterpillar Financial. On June 28, 2012, AMG filed a claim in the amount of $11,601.10 with a secured claim in the amount of $7,569.44. The Debtor's Amended Plan proposes to amortize the obligations over three (3) years, with interest at 5% per annum.

ERGS contends the Debtor was paying the stated contract payments of approximately $1,200.00 for each lease in the ordinary course of business. According to ERGS, one of the leases was satisfied postpetition and the other is scheduled to be paid in full by August 2012. ERGS contends attempting to stretch out this *de minimis* claim over time constitutes artificial impairment.

The Debtor contends a review of the lease documents show that the transactions for the purchase of the two generators are, in reality, secured transactions. The leases provide Debtor must

buy the equipment at the termination of the agreement for $1.00. The Debtor is required to maintain insurance on the equipment and pay all taxes, and the risk of loss is on the Debtor for any damage. These factors are evidence of secured transactions, instead of a true lease. Therefore, the Debtor contends it has reasonable justification for classifying the secured claim separately.

U.C.C. § 1-203(b) codified in N.C. Gen. Stat. § 25-1-203 addresses whether a transaction creates a true lease or a disguised security interest. It provides that "[w]hether a transaction in the form of a lease creates a lease or security interest is determined by the facts of each case." *In re Southeastern Materials, Inc.*, 433 B.R. 177, 180 (Bankr. M.D.N.C. July 15, 2010) (citing N.C. Gen. Stat. § 25-1-203(a)).

> Section 1-203(b) states:
>
> (b) A transaction in the form of a lease creates a security interest if the consideration that the lessee is to pay the lessor for the right to possession and use of the goods is an obligation for the term of the lease and is not subject to termination by the lessee; and:
> (1) The original term of the lease is equal to or greater than the remaining economic life of the goods;
> (2) The lessee is bound to renew the lease for the remaining economic life of the goods or is bound to become the owner of the goods;
> (3) The lessee has an option to renew the lease for the remaining economic life of the goods for no additional consideration or for nominal additional consideration upon compliance with the lease agreement; or
> (4) The lessee has an option to become the owner of the goods for no additional consideration or for nominal additional consideration upon compliance with the lease agreement.

N.C. Gen. Stat. § 25-1-203(b).

The transaction is labeled as "Finance Lease" and the document requires the Debtor to maintain insurance on the equipment, pay all taxes and the risk of loss is on the Debtor for any damage. It does not appear the lease is subject to termination by the lessee. The "Finance Lease"provides a mandatory final payment of $1.00 and provides the Debtor shall pay the final

6

payment and upon receipt of the final payment, the Lessor shall deliver to the Debtor a bill of sale and the Debtor shall purchase the unit. Here, it appears the "Finance Lease" is a disguised security interest and the Debtor has not artificially impaired the claim and has a good business judgment for the classification and proposed treatment. Therefore, the Debtor has not artificially impaired the claim of AMG and in fact has a good business reason for the impairment.

As to Class 5, ERGS objects on the basis that Triangle holds no claim against the Debtor and cannot be a separate class of claims. Triangle filed claim 9-1 in the amount of $18,611.63 related to labor and materials supplied on a project. The lien is based on funds the Debtor owes to Licthin Construction, LLC, an affiliate of the Debtor, from the Debtor per notice of Claim of Lien on Funds. Triangle does not have a lien against the Debtor's real property. ERGS contends that Triangle has not shown that the Debtor owes any funds to Lichtin Construction that are related specifically to the project upon which it completed. At this point, there have been no objections filed to proof of claim 9-1 filed by Triangle. Accordingly, at this juncture the proof of claim is deemed allowed. 11 U.S.C. § 502(a). Further, there is reasonable business justification for the separate classification of the Triangle claim as Triangle has claimed a lien on funds of the Debtor.

Therefore, the Motion of ERGS II, L.L.C. to Determine Classification of Claims is **DENIED**.

        **SO ORDERED**.

**END OF DOCUMENT**