**SO ORDERED.**

**SIGNED this 19 day of December, 2012.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION**

IN RE:

LICHTIN/WADE, LLC,                                    CHAPTER 11
                                                      CASE NO. 12-00845-8-RDD
    DEBTOR

**ORDER DENYING OBJECTION OF ERGS II, L.L.C.
TO CLAIM FILED BY AVIATION MANAGEMENT GROUP, INC.**

Pending before the Court is the Objection of ERGS II, L.L.C. to Claim filed by Aviation Management Group, Inc. ("Objection to Claim") filed by ERGS II, L.L.C. ("ERGS") on August 23, 2012 and the Debtor's Response to Objection of ERGS II, L.L.C. to Claim filed by Aviation Management Group, Inc. filed by Lichtin/Wade, LLC (the "Debtor") on September 25, 2012. The Court conducted a hearing on this matter on November 15, 2012 in Wilson, North Carolina.

**BACKGROUND**

The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 2, 2012. The Debtor owns two office buildings located in Raleigh, North Carolina and operates as a debtor-in-possession. First Amended Disclosure Statement at 7, *In re Lichtin/Wade, LLC*, No. 12-00845-8-RDD (Bankr. E.D.N.C. July 19, 2012). The two office buildings are Class A office buildings. *Id.* "Each building has approximately 100,000 square feet of rentable space. Each building is approximately 90% leased." *Id.* In addition, the Debtor owns vacant land consisting of

approximately twelve acres which is approved for three additional office buildings. *Id.* Prior to the date of filing, the Debtor and Branch Banking and Trust Company ("BB&T") entered into four promissory notes (the "Secured Notes"),[1] secured by all of the Debtor's real property, assignment of rents, and certain of the Debtor's personal property. The four Secured Notes matured on December 15, 2011.

On March 27, 2012, BB&T entered into an agreement with ERGS, whereby ERGS purchased from BB&T all of its rights, title, and interests in and to the Secured Notes. On May 2, 2012, ERGS filed Proof of Claim No.10 in the secured amount of $39,236,631.03 representing principal, interest, and fees. On May 29, 2012, the Debtor filed the Objection to Claim, objecting to ERGS's Proof of Claim. On August 8, 2012, the Court entered an order determining that ERGS's claim was to be treated as a secured claim in the amount of $38,390,000.00, and an unsecured claim in the amount of $673,661.91.

On April 24, 2012, the Debtor and ERGS entered into a stipulation agreement agreeing and stipulating that the real property owned by the Debtor securing ERGS's claim shall be valued at $38,390,000.00.

On May 20, 2012, Aviation Management Group, Inc. ("AMG") acquired the claims of Caterpillar Financial Services Corporation ("Caterpillar Financial"). Schedule D lists two claims

---

[1]

|  | Dated | Original Principal Amount |
|---|---|---|
| Note 2 | May 3, 2007 | $15,035,000.00 |
| Note 3 | August 31, 2007 | $5,665,512.00 |
| Note 4 | August 31, 2007 | $16,800,000.00 |
| Note 7 | September 13, 2011 | $1,950,000.00 |

2

held by Caterpillar Financial in the amounts of $2,622.24 and $8,987.86. The deadline to file a proof of claim as set by the Court expired on June 13, 2012. On June 28, 2012 AMG filed Proof of Claim No. 19-1 ("POC 19") in the amount of $11,601.10. POC 19 states it is based on a note/transfer of claim and the amount of secured claim is $7,569.44 and is accruing interest at an annual rate of 8%. The claims are based on two equipment leases of two back-up generators located in each of the Debtor's two office building. This Court has previously ruled that the equipment leases are in fact disguised security interests. *In re Lichtin/Wade, LLC*, Case No. 12-00845-8-RDD at 7 (Bankr. E.D.N.C. Aug. 8, 2012).

Class 3 of the Second Amended Plan (the "Plan") is comprised of the claims of AMG. The Debtor's Plan proposes to treat the claims as secured claims amortized over three (3) years with interest at 5%. Payments are to begin on the 15th day of the first full month following the Effective Date of the Plan. The Debtor asserts that this class is impaired. The Supplement to Disclosure Statement filed on October 15, 2012, shows AMG will receive a total of $1,798.80 in 2013, $1,798.80 in 2014 and $1,349.10 in 2015.

ERGS contends that the Court must disallow POC 19 as a matter of law pursuant to 11 U.S.C. § 502(b)(9) because AMG failed to timely file the proof of claim. The deadline to file a proof of claim as set by the Court was June 13, 2012. The Debtor responds that 11 U.S.C. § 503(b)(9) is not applicable as 11 U.S.C. § 1111(a) governs proofs of claims in Chapter 11 cases, which provides that a proof of claim or interest is deemed filed under Section 501 of this title for any claim or interest that appears in the schedules.

At the hearing on November 15, 2012, ERGS and the Debtor stipulated that if the AMG claims were allowed, the allowed amount should be $236.00.

The Court finds that pursuant to 11 U.S.C. § 1111(a) AMG's claims are allowed in the amount of $236.00.

## DISCUSSION

Section 1111(a) provides:

> [a] proof of claim or interest is deemed filed under section 501 of this title for any claim or interest that appears in the schedules filed under section 521(a)(1) or 1106(a)(2) of this title, except a claim or interest that is scheduled as disputed, contingent, or unliquidated.

11 U.S.C. § 1111(a).

The Legislative History to Section 1111 states:

> [t]his section dispenses with the need for every creditor and equity security holder to file a proof of claim or interest in a reorganization case. Usually the debtor's schedules are accurate enough that they will suffice to determine the claims or interests allowable in the case. Thus, the section specifies that any claim or interest included on the debtor's schedules is deemed filed under section 501. This does not apply to claims or interests that are scheduled as disputed, contingent or unliquidated.

House Report No. 95-595, 95th Cong., 1st Sess. 405 (1977); Senate Report No. 95-989, 95th Cong., 2d Sess. 117 (1978).

"Thus, holders of claims or interests who do not disagree with the way their claim or interest is described in the schedules, and whose claim or interest is not listed as disputed, contingent or unliquidated, are spared the trouble of filing a proof of claim in a chapter 11 case." 4 Collier on Bankruptcy ¶ 501.01[3][c] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

Here, Caterpillar was listed on the Debtor's schedules and creditors received notice of the claim amount. AMG later purchased the claim of Caterpillar and filed POC 19. Because the claim was listed on the schedules, AMG was not required to file a proof of claim. If the claim had not

been listed on the Debtor's schedules, or was listed as contingent, disputed, or unliquidated, AMG would have been required to file a proof of claim.

## CONCLUSION

Based on the foregoing, the Court holds that AMG shall have a claim in the amount of $236.00.[2] The Objection to Claim is **DENIED**.

**SO ORDERED**.

**END OF DOCUMENT**

---

[2] This Court has previously ruled that AMG is a nonstatutory insider and AMG's claims will not be considered in the Section 1126(c) ballot computation. *In re Lichtin/Wade, LLC*, Case No. 12-00845-8-RDD at 8 (Bankr. E.D.N.C. Dec. 18, 2012).