**SO ORDERED.**

**SIGNED this 26 day of April, 2013.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION**

**IN RE:**

| | |
|---|---|
| **LICHTIN/WADE, LLC,** | **CHAPTER 11** |
| | **CASE NO. 12-00845-8-RDD** |
| **DEBTOR** | |

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION FOR TEMPORARY ALLOWANCE OF
PROOF OF CLAIM PURSUANT TO BANKRUPTCY RULE 3018(a)**

Pending before the Court is the Motion for Temporary Allowance of Proof of Claim Pursuant to Bankruptcy Rule 3018(a), filed by ERGS II, L.L.C. ("ERGS") on March 20, 2013 and the Response to Motion of ERGS II, LLC for Temporary Allowance of Proof of Claim Pursuant to Bankruptcy Rule 3018(a) filed by Lichtin/Wade, LLC (the "Debtor") on March 25, 2013. The Court conducted a hearing on this matter on March 27, 2013 in Wilson, North Carolina.

**BACKGROUND**

The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 2, 2012. The Debtor owns two office buildings located in Raleigh, North Carolina and operates as a debtor-in-possession. Second Amended Disclosure Statement at 7, *In re Lichtin/Wade, LLC*, No. 12-00845-8-RDD (Bankr. E.D.N.C. Jan. 22, 2013). The two office buildings are Class A office buildings. *Id.* In addition, the Debtor owns vacant land consisting of approximately twelve

acres which is approved for three additional office buildings. *Id.* Prior to the date of filing, the Debtor and Branch Banking and Trust Company ("BB&T") entered into four promissory notes (the "Secured Notes"),[1] secured by all of the Debtor's real property, assignment of rents, and certain of the Debtor's personal property. The four Secured Notes matured on December 15, 2011.

On March 27, 2012, BB&T and ERGS entered into an agreement, whereby ERGS purchased from BB&T all of its rights, title, and interests in and to the Secured Notes. On April 24, 2012, the Debtor and ERGS entered into a stipulation agreement agreeing and stipulating that the real property owned by the Debtor securing ERGS's claim should be valued at $38,390,000.00.

On May 2, 2012, ERGS filed Proof of Claim No. 10 in the secured amount of $39,236,631.03 representing principal, interest, and fees. On May 29, 2012, the Debtor filed the Objection to Claim, objecting to ERGS's Proof of Claim. On August 8, 2012, the Court entered an order determining that ERGS's claim was to be treated as a secured claim in the amount of $38,390,000.00, and an unsecured claim in the amount of $673,661.91. ERGS filed a notice of appeal of the order on August 16, 2012.

On September 21, 2012, ERGS filed a motion regarding the tabulation of its unsecured class 7 ballot. The Debtor filed a response and the Court conducted a hearing. On February 7, 2013, the Court entered an order holding that the Debtor's adequate protection payments should be added to

---

[1]

|        | Dated              | Original Principal Amount |
|--------|--------------------|---------------------------|
| Note 2 | May 3, 2007        | $15,035,000.00            |
| Note 3 | August 31, 2007    | $5,665,512.00             |
| Note 4 | August 31, 2007    | $16,800,000.00            |
| Note 7 | September 13, 2011 | $1,950,000.00             |

the value of the real property reducing ERGS's unsecured deficiency claim to zero. As a result, ERGS became oversecured. ERGS filed a notice of appeal of the order on February 20, 2013.

On February 24, 2012, Tech Electric Corporation ("Tech Electric") filed Proof of Claim No. 1 ("POC 1") in the amount of $131,951.10. POC 1 states it is based on services performed. The documents attached in support of POC 1, show a Tolling Agreement executed by Tech Electric, Lichtin Construction, LLC, and Lichtin Corporation. Also attached to POC 1 are invoices issued by Tech Electric to Lichtin Construction, LLC, requesting payment. Tech Electric submitted a ballot dated August 1, 2012, accepting the Amended Plan of Reorganization in the amount of $131,951.10.

The Debtor's Schedule F lists two unsecured claims held by Tech Electric in the amounts of $5,414.00 and $4,471.00. The claims are listed as debts of Wade Building I and Wade Building II, respectively. The claims are not listed as contingent, unliquidated or disputed.

Class 8 of the Third Amended Plan is comprised of general unsecured claims greater than $5,000.00. The Second Amended Disclosure Statement (the "Disclosure Statement") lists Tech Electric as having an unsecured claim over $5,000.00 and shows a proof of claim was filed by Tech Electric in the amount of $131,951.10.

On February 13, 2013, ERGS acquired the claim of Tech Electric. On March 6, 2013, the Debtor filed an objection to POC 1. Subsequent to the Debtor's objection to POC 1, ERGS submitted a ballot dated March 13, 2013, as the "assignee/transferee of Tech Electric Corporation" rejecting the Debtor's Third Amended Plan of Reorganization (the "Third Amended Plan") in the amount of $131,951.10.. On March 19, 2013, ERGS filed with the Court a notice of assignment of

claim.[2] The Debtor filed its Report on Ballots as to the Third Amended Plan on March 26, 2013. The Report on Ballots states "ERGS asserts that this ballot should be counted in the amount of $131,951.10. The Debtor has objected to this claim."

ERGS requests the Court to temporarily allow for voting purposes POC 1 in the amount of $131,951.10 pursuant to Federal Rule of Bankruptcy Procedure 3018(a). ERGS contends the Debtor acted in bad faith by objecting to POC 1 once it had knowledge that ERGS purchased POC 1. Further, ERGS contends that because the Debtor previously acknowledged the claim as valid in its Schedule F, its disclosure statements, and through the testimony of the Debtor's representatives Mr. Harold Lichtin and Ms. Kay Mead, it cannot now take a contrary position.

The Debtor responds that it was unaware ERGS had purchased the claim of Tech Electric when it filed its objection to POC 1. The Debtor requests the Court to review the underlying merits of the claim, which are based on contracts and invoices attached by Tech Electric to its proof of claim. The Debtor contends that the contracts and invoices show the claim is not a claim against the Debtor. Accordingly, the Debtor argues the claim should not be estimated for voting purposes, or estimated at $9,885.00 as listed by the Debtor on Schedule F.

## DISCUSSION

Section 1126(a) of the Bankruptcy Code provides that a "holder of a claim or interest allowed under section 502 of this title [Title 11] may accept or reject a plan." 11 U.S.C. § 1126(a). Section 502(a) provides that a "claim or interest, proof of which is filed under section 501 of this

---

[2] ERGS submitted rejecting ballots on behalf of five claims which it purchased throughout the course of the Debtor's case: (1) the secured claim in the amount of $39,693,060.51; and as assignees/transferees of the following claims: (2) Tech Electric; (3)Tri-Properties, Inc.; (4) MCC Realty Group, Inc.; and (5) Barnhill Contracting Company.

title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Any party in interest may object to the allowance of a proof of claim. 11 U.S.C. § 502(a). There is no rule or statute that provides a time limit for filing an objection to claim. 9 Collier on Bankruptcy ¶ 3007.01[5] (16th ed.). Oftentimes, the chapter 11 plan will set a deadline for filing objections to claims. *Id.* However, in the absence of such provision, there is no rule as to when claim objections should be filed. *Id.* When read together, sections 1126(a) and 502(a) "prohibit a claimant from voting on the plan of reorganization if the debtor has objected to that party's claim." *In re Clements*, Case No. 12-05789-8-SWH at 2, 2013 WL 794025, at *1 (Bankr. E.D.N.C. Mar. 4, 2013) (citing *Jacksonville Airport, Inc. v. Michkeldel Inc.*, 434 F.3d 729, 731 (4th Cir. 2006).

Federal Rule of Bankruptcy Procedure 3018(a) provides that "[n]otwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." F.R.B.P. 3018(a). Whether to temporarily allow a claim is left to the sound discretion of the bankruptcy court. *In re Clements*, Case No. 12-05789-8-SWH at 2, 2013 WL 794025, at *1 (citing *Pension Benefit Guar. Corp. v. Enron Corp.*, 2004 U.S. Dist. LEXIS 21810, 2004 WL 2434928, at *5 (S.D.N.Y. Nov. 1, 2004) (additional citations omitted). When making the determination the bankruptcy court may "employ whatever method is best suited to the circumstances of the case." *Id.*

ERGS contends the Debtor's objection to POC 1 was made in bad faith and is a litigation tactic to knock out the rejecting vote of ERGS, as assignee to POC 1. The Debtor responds that it was unaware ERGS had purchased the claim of Tech Electric when it filed its objection to POC 1 and that it was not until March 15, 2013, nine days after the Debtor filed its objection to POC 1, that the Debtor learned ERGS had purchased the claim when it received by mail five ballots from ERGS,

rejecting the Plan. ERGS submitted rejecting ballots on behalf of its secured claim and as assignee/transferee of the following claims: (1) Tech Electric; (2)Tri-Properties, Inc.; (3) MCC Realty Group, Inc.; and (4) Barnhill Contracting Company. Six days later on March 19, 2013, ERGS filed with the Court its notice of assignment of claim. The Debtor represents that it did suspect that ERGS may have been trying to purchase additional claims of its creditors, but it did not have definite information that ERGS had purchased the claim of Tech Electric.[3]

The Debtor's Third Amended Plan states: "All objections to claims . . . will be filed with the court within 60 days after the Effective Date." Third Amended Plan at 22, *In re Lichtin/Wade, LLC*, No. 12-00845-8-RDD (Bankr. E.D.N.C. Jan. 22, 2013). ERGS filed a competing liquidating Chapter 11 Plan of Reorganization which stated "[t]he Debtor, a Creditor or party-in-interest (as decided by the Bankruptcy Court upon dispute) may file objections to claims prior to the Effective Date. From and after the Effective Date, only ERGS may file an objection to an Ad Valorem Tax Claim and only the Liquidating Trustee may file objections to any other claims." Creditor's Plan of Reorganization for Lichtin/Wade, LLC Pursuant to Chapter 11 of the Bankruptcy Code Filed by Creditor ERGS II, L.L.C. at 21, *In re Lichtin/Wade, LLC*, No. 12-00845-8-RDD (Bankr. E.D.N.C. July 27, 2012).[4]

---

[3]In its Response, the Debtor states "[t]hrough further discovery responses received from ERGS on March 22, 2013, the Debtor has learned that ERGS contacted all of the Debtor's unsecured creditors in Class 9 in an effort to purchase their claims." Response to Motion of ERGS II, L.L.C. for Temporary Allowance of Proof of Claim Pursuant to Bankruptcy Rule 3018(a), *In re Lichtin/Wade, LLC*, No. 12-00845-8-RDD (Bankr. E.D.N.C. March 25, 2013). Here, the Court assumes the Debtor is referring to the unsecured creditors in Class 8, as Class 9 is comprised of Intercompany Claims.

[4]On September 4, 2012, ERGS withdrew its competing liquidating Chapter 11 Plan of Reorganization as the exclusivity period for the Debtor had not expired.

The Court finds the Debtor was not acting in bad faith when it filed its objection to POC 1. The Debtor represents that at the time it filed its objection to POC 1 it was not aware that ERGS had purchased the claim from Tech Electric. Further, there is no rule or statute proscribing the time in which an objection to claim must be filed. The language of the Debtor's proposed Third Amended Plan fixes the deadline for filing objections to proofs of claims 60 days after the effective date of the plan. Even the competing liquidating plan filed by ERGS set the deadline for filing objections to claims by parties in interest prior to the effective date of the plan. ERGS's competing plan did not set a deadline for ERGS or the liquidating trustee to file objections to claims. Given that the Debtor was not aware ERGS had purchased the claim of Tech Electric prior to filing its objection to POC 1 and given the fact that no rule or statute imposes a deadline for filing an objection to claim and that the objection to POC 1 was filed prior to any deadlines set in the Debtor's Third Amended Plan, the Court finds that the Debtor was not acting in bad faith when it filed its objection to POC 1. Further, the Court finds the Debtor's objection to POC 1 has a good faith basis and is not frivolous. The documents attached to POC 1 show a contract between Lichtin Construction, LLC and Tech Electric, indicating the claim references a debt of Lichtin Construction, LLC and not a debt of the Debtor.

ERGS also contends that the Debtor contravenes prior admissions and representations made in Schedule F, its disclosure statements and the deposition testimony of Mr. Harold Lichtin and Ms. Kay Mead. ERGS also relies on this argument in its response to the Debtor's objection to POC 1, which is currently scheduled to be heard on June 11, 2013.[5]

---

[5]The hearing on confirmation of the Debtor's Third Amended Plan was continued until May 2, 2013. The hearing on the objection to POC 1 was originally scheduled to be heard on the same day. However, ERGS filed a motion to continue the hearing on the Objection to POC 1

The Debtor responds that until a claim is disallowed following an objection, the Debtor must list the claim in its schedules, disclosure statements, and ballot reports pursuant to 11 U.S.C. § 502(a) which states "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  Furthermore, the Debtor contends that ERGS misrepresents the deposition testimony of Ms. Mead and Mr. Lichtin when it asserts that they acknowledged the claim in the full amount of $131,951.10. The Debtor posits that if its listing of the claim on its petition in the amount of $9,885.00 prevents it from not contesting the full amount of this claim, POC 1 should be temporarily allowed for voting purposes only in the amount of $9,885.00.

After further review of the case law, the deposition testimony of Mr. Lichtin and Ms. Mead, and the evidence presented at the hearing, the Court amends its order which was stated in open Court and finds that POC 1 will be temporarily allowed for voting purposes in the amount of $9,885.00.[6] The Debtor's Schedule F lists two unsecured claims held by Tech Electric in the amounts of $5,414.00 and $4,471.00. The claims are listed as debts of Wade Building I and Wade Building II, respectively.  The claims are not listed as contingent, unliquidated or disputed. ERGS cites to cases standing for the proposition that if the debtor schedules a debt it is binding on the debtor as a judicial admission until corrected. *In re Korfonta*, 2010 WL 4259396, at * 7 (Bankr. E.D.Va. Oct. 26, 2010) (holding that scheduling a debt as undisputed constitutes a judicial admission and is binding on the debtor unless corrected and also noting that judicial admission is not synonymous with judicial

---

until June 11, 2013, subsequent to the confirmation hearing.

[6]At the hearing on March 27, 2013, the Court ruled from the bench that the motion for temporarily allowance of POC 1 was denied and the entire amount of the claim was not to be temporarily allowed for voting purposes.

estoppel); *In re McCarthy*, 2004 WL 5683383, at *5 (Bankr. E.D.Va. July 14, 2004) (holding that scheduling a debt as undisputed, non-contingent, and unliquidated should be binding on the debtor unless the debtor was genuinely mistaken as to the validity or amount of the debt at the time the schedules were signed and noting that the debtor's scheduling of the two claims as undisputed did not prevent the debtor from contesting them when the claims filed by the creditor were in amounts greater than those admitted on the schedules). The Court finds the above case law persuasive, but also recognizes authority stating that a debtor is not bound by its schedules as a debtor may as a matter of course amend its schedules at any point prior to the case closing. F.R.B.P. 1009(a); *See In re LaVictoire*, 2011 WL 1168288, at 3 (Bankr. D. Vt. 2011) (holding that in the absence of bad faith the debtors had a right to amend Schedule A to reflect an updated appraisal of real property, obtained subsequent to the filing date, to be used in a motion to avoid judicial lien). Here, rather than amend upon learning of the discrepancy an objection was filed.

In addition to representations made in the Debtor's Schedule F, the disclosure statements and the ballot reports, ERGS points to the deposition testimony of Mr. Lichtin and Ms. Mead and contends that both acknowledged POC 1 was valid and should now be estopped from contravening those admissions. The testimony at issue is the deposition testimony of Mr. Lichtin, which is further supported by the deposition testimony of Ms. Mead. Mr. Lichtin is the President of the Debtor and Ms.Mead is the bookkeeper and controller of the Debtor. The relevant testimony is as follows:

Page 102
Q.    And if you'll turn to page 29 of
4    Exhibit 112, the top of two schedules are Tech
5    Electric is creditor and 80 and Tech Electric is
6    creditor 81? Do you see that?
7    A. Correct.
8    Q. It's the same Tech Electric bid and the
9    same claim that shows up on Exhibit 111?

9

```
10    A. That's correct.
11    Q. If you'd just bear with me a second here.
12    A. Are we finished with this?
13    Q. We are. Thank you.
14    Mr. Lichtin, do you agree that it would be
15    a reasonable objection for a creditor to say you're
16    scheduling claims against this debtor that are owed
17    by another Lichtin entity, don't use the income from
18    the building to pay those?
19    A.  No.
20    Q.  You think that it's okay for this debtor
21     to use its income to pay the claims that are owed by
22     another Lichtin entity?
23    A.  No.  The claims are owed by the debtor.
24    Q.  Even though we've just gone through the
25    fact that the debtor has scheduled claims that are
Page 103
 1    already against this debtor, that they're against
 2    either Lichtin Construction or in some cases Clancy
 3    and Theys?
Page 104
 4    A. We're listing the claims that people
 5    submitted, and I think it's up to our attorneys to
 6    object, but those are the claims that were submitted
 7    to the court.
```

Debtor's Exhibit 9, Dep. Tr. Harold S. Lichtin Dep., Oct. 8, 2012 (emphasis added).

At the hearing on March 27, 2013, Mr. Lichtin testified that during his deposition when he stated the claims were owed by the Debtor, he was referring to the claims as listed on Schedule F totaling $9,885.00 and was not referring to the $131,951.10 amount as listed on POC 1. After reviewing the deposition testimony, it appears Mr. Lichtin was testifying as to Exhibit 111 which contained pages from the Debtor's petition listing the claims of Tech Electric in the amount of $9,885.00. When stating that the claims were owed by the Debtor to Tech Electric he was referring to the $9,885.00 amount as being owed and not the $131,951.10 amount listed on POC 1. At Ms. Mead's deposition she testified as to an exhibit entitled "Lichtin Construction, LLC, Outstanding

Subcontractor Invoices" which showed a total amount due to Tech Electric by Lichtin Construction in the amount of $122,066.10.[7] At the hearing on March 27, 2013, Ms Mead testified that the Debtor scheduled the amount of $9,885.00 on Schedule F because that amount represented work that was performed on the Debtor's buildings. Ms. Mead testified that the Debtor contacted Tech Electric and asked if it would complete some small jobs involving operational work and that the cost of the work was charged to the operating account of the Debtor. Ms. Mead testified that at the time she prepared the petition, the books and records of the Debtor showed this amount was owed to Tech Electric. Ms. Mead testified that the Debtor is liable for $9,885.00 and the remaining amount of $122,066.10 is owed by Lichtin Construction based on the contracts and invoices signed by Tech Electric, Lichtin Construction, LLC and Lichtin Corporation, attached to POC 1.

At the hearing, counsel for the Debtor testified that as a matter of course his office lists claims on the disclosure statement and ballot report in the amounts the claims are filed. The Debtor points to 11 U.S.C. § 502(a) which states "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).

---

[7]Page 353
24      A. This is a snapshot of what Lichtin
25      Construction owes their contractors for
Page 354
1       Lichtin/Wade, LLC, and what's also due to Lichtin
2       Corporation as overhead.

Page 355
16      Q And is Exhibit 111 your effort to
17      determine out of the larger Lichtin Construction
18      payables list which payables remain outstanding for
19      this debtor?
20      A. Yes
Debtor's Exhibit 7, Dep. Tr. Kay C. Mead Dep., Oct. 8, 2012.

11

Therefore, the Debtor contends, until a claim is disallowed following an objection, the Debtor must list the claim on its disclosure statement and ballot report. Otherwise, the Debtor contends it would be misrepresenting the total amount of claims filed in the case. The disclosure statement lists the claim of Tech Electric in the amount of $131,951.10.[8] This is the amount Tech Electric listed on its proof of claim. The Court finds that at the time the Debtor filed its disclosure statements and ballot reports the claim was deemed allowed, as no party had yet objected to the claim. Therefore, the claim was rightly listed in the Debtor's disclosure statements and ballot reports. Listing the claim does not prevent the Debtor or any other party in interest from later filing an objection to that claim. For purposes of temporarily allowing the claim for voting purposes the Court finds there are plausible facts to support a valid claim against the Debtor in the amount of $9,885.00. As of now, there are no such plausible facts to show the additional $122,066.10 as listed in the POC is a claim against the Debtor.

Looking collectively at the case law, the deposition testimony of Mr. Lichtin and Ms. Mead, Schedule F, the disclosure statements, the ballot reports, and the testimony presented at the hearing, the Court holds that POC 1 will be allowed to vote against confirmation in the amount of $9,885.00.[9]

---

[8] The Debtor filed with the Court a Report on Ballots on October 24, 2012. The claim of Tech Electric was listed as accepting in the amount of $131,951.10. The Debtor filed with the Court a Report on Ballots on March 26, 2013. ERGS as assignee of Tech Electric was listed as rejecting the plan in the amount of $9,885.00. The Report on Ballots stated that "ERGS asserts that this ballot should be counted in the amount of $131,951.10. The Debtor has objected to this claim."Report on Acceptances/Rejections of Chapter 11 Plan at 19, *In re Lichtin/Wade, LLC*, No. 12-00845-8-RDD (Bankr. E.D.N.C. March 26, 2013).

[9] At the hearing on March 27, 2013, the Court ruled from the bench that the motion for temporarily allowance of POC 1 was denied and the entire amount of the claim was not be voted in this case. The Court now amends its previous order that was stated in open court.

## **CONCLUSION**

Therefore, the Motion for Temporary Allowance of Proof of Claim Pursuant to Bankruptcy Rule 3018(a) is **GRANTED** to the extent of $9,885.00 and **DENIED** to the extent of $122,066.10.

**SO ORDERED**.

**END OF DOCUMENT**