**SO ORDERED.**

**SIGNED this 9 day of September, 2013.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

LICHTIN/WADE, LLC,                         CHAPTER 11
                                           CASE NO. 12-00845-8-RDD
    DEBTOR

ORDER REGARDING MOTION OF ERGS II, L.L.C
TO DETERMINE VALUE OF CLAIM SECURED BY LIENS

    Pending before the Court is the Motion of ERGS II, L.L.C. to Determine Value of Claim Secured by Liens filed by ERGS II, L.L.C. on August 15, 2013, the Trustee's Response to Motion of ERGS II, LLC to Determine Value of Secured Liens filed by the Chapter 7 Trustee on August 26, 2013 and the Response to Motion of ERGS II, L.L.C. to Determine Value of Claim Secured by Liens filed by Stubbs & Perdue, P.A. on August 27, 2013.  The Court conducted a hearing on this matter on August 28, 2013 in Wilson, North Carolina.

    The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 2, 2012.  On May 3, 2013, the case was converted to a proceeding under Chapter 7 of the Bankruptcy Code and Joseph N. Callaway was appointed as the Chapter 7 Trustee (the "Trustee"). The Debtor owns and operates two office buildings located in Raleigh, North Carolina.  In addition, the Debtor owns vacant land consisting of approximately twelve to thirteen acres upon which future buildings may be constructed.  Prior to the date of filing, the Debtor and Branch Banking and Trust

Company ("BB&T") entered into four promissory notes (the "Notes"),[1] secured by all of the Debtor's real property, assignments of leases and rents, and other collateral documents to secure indebtedness due or to become due under the Notes. The four Notes matured on December 15, 2011.

On March 27, 2012, BB&T entered into an agreement with ERGS, whereby ERGS purchased from BB&T all of its rights, title, and interests in and to the Notes. ERGS holds a valid and perfected first secured lien against the Debtor's real property. On May 2, 2012, ERGS filed Proof of Claim No.10 in the secured amount of $39,236,631.03 representing principal, interest, and fees. On May 29, 2012, the Debtor filed the Objection to Claim, objecting to ERGS's Proof of Claim. On August 8, 2012, the Court entered an order determining that ERGS's claim as of the petition date (exclusive of attorney fees and future interest) totaled $39,063,661.91. The Order disallowed any claim for default rate interest prior to January 30, 2012, the date of a demand letter just a few days prior to the petition date. The Court did not consider, whether the post-petition interest rate for the ERGS claim should be allowed at the default rate of 8.25% or the contract rate of 5%. ERGS filed a Notice of Appeal as to the Order on August 16, 2012. The appeal was later voluntarily dismissed with the agreement of the Trustee after the Debtor's conversion to Chapter 7.

Altogether three appeals of bankruptcy court orders were filed in the District Court, (5:12-CV-689-

---

[1]

|  | Dated | Original Principal Amount |
|---|---|---|
| Note 2 | May 3, 2007 | $15,035,000.00 |
| Note 3 | August 31, 2007 | $5,665,512.00 |
| Note 4 | August 31, 2007 | $16,800,000.00 |
| Note 7 | September 13, 2011 | $1,950,000.00 |

2

FL; 5:12-CV-688-FL; 5:13-CV-207-FL.) All three appeals have been dismissed, following conversion of the bankruptcy case from Chapter 11 to Chapter 7.

On August 5, 2013, the Trustee filed his Motion for an Order (I)(A) Establishing Bidding Procedures, (B) Approving Stalking Horse Bidder, (C) Approving Form and Manner of Notices, (D) Scheduling a Hearing Date to Consider Final Approval of Sale and Treatment of Executory Contracts and Unexpired Leases, and (E) Granting Related Relief; and (II)(A) Approving Sale Free and Clear of All Liens, Claims and Encumbrances; and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases (the "Sale Motion"). Pursuant to the Sale Motion, the Trustee sought to approve a stalking horse purchaser and certain bidding procedures for purposes of a public auction of substantially all of the Debtor's assets. The Sale Motion provides the proposed stalking horse purchaser agreed to pay $45,750,000.00 for the Debtor's assets. The Trustee also disputed the amount of ERGS's secured claim within the Sale Motion. On August 7, 2013, ERGS filed a limited objection to the Trustee's Sale Motion objecting to among other things, the Trustee representing he would pay the "undisputed" portion of the ERGS claim, but would not pay the "disputed" portion of the ERGS claim upon the closing of the sale. In response, ERGS filed the current motion to determine value of claim secured by liens.

On July 13, 2012, ERGS filed a complaint in the District Court for the Eastern District of North Carolina based on guaranty agreements entered into by Harold S. Lichtin and Harold S. Lichtin Family Limited Partnership, the defendants in the District Court case (the "Defendants"), guaranteeing payment in excess of $40,000,000.00 on loans made to the Debtor by BB&T. That case is currently pending before the Honorable Louise W. Flanagan. *ERGS II, L.L.C. v. Harold S. Lichtin, Harold S. Lichtin Family Limited Partnership*, No. 5:12-CV-431-FL. Harold Lichtin and the Harold

3

S. Licthin Family Limited Partnership are the guarantors of the Debtor's obligations under the secured notes. Harold S. Lichtin is the principal of the Debtor. Lichtin Corporation is the manager of the Debtor. Lichtin Coporation is solely owned and controlled by its President, Harold S. Lichtin.

On September 13, 2012, the Defendants moved for a preliminary injunction on the grounds that the case should be stayed pending resolution of the bankruptcy proceeding. On September 25, 2012, the Plaintiff filed a response to the motion for preliminary injunction and also filed a motion for summary judgment in the District Court case. On September 26, 2012, the District Court entered an order denying Defendant's motion for preliminary injunction.

On October 10, 2012, the Defendants asserted two counterclaims and a defense on the basis that plaintiff's enforcement of the guaranty agreements violated North Carolina law. Plaintiff moved to dismiss these. On January 7, 2013, the District Court held a status conference and motions hearing, where the parties presented argument on the motion to dismiss and the motion for summary judgment. The Court granted Defendants' request for limited discovery and extended the time to file a response to summary judgment. On March 27, 2012, the District Court granted plaintiff's motion to dismiss the counterclaims and to strike the defense.

On August 13, 2013, the District Court held that the Plaintiff is entitled to summary judgment in part on the issue of liability and damages. The District Court directed the parties to confer and submit a joint accounting and confirmation by August 20, 2013, of the total amount of indebtedness owed to plaintiff under the guaranty agreements as of that date, taking into account any payments made on the underlying debt, together with a proposed form of judgment. On August 20, 2013, the plaintiff and Defendants filed the Joint Accounting and Confirmation Regarding Plaintiff ERGS II, L.L.C.'s Motion for Summary Judgment ("Joint Accounting"). Within the Joint

4

Accounting, the parties stipulated that the total amount of indebtedness owed to ERGS as of August 20, 2013 was $40,958,700.74. (Joint Acctg. and Confirmation Regarding Pl. ERGS II, L.L.C.'s Mtn. for Summ. J. at 1, Aug. 20, 2013, ECF No. 70). The parties stipulated that this amount includes "$38,477,055.76 in unpaid principal on the four loans underlying the guarantees (this amount is unchanged from April 4, 2013); $67,073.65 in late charges (this amount is unchanged from April 4, 2013); and $2,414,571.33 in accrued interest on the unpaid principal amount, less all partial interest payments made by Mr. Lichtin and the Family Partnership." (Joint Acctg. at 1-2) The Joint Accounting states "[t]his current total amount is an increase of $434,565.74 from April 4, 2013. That increase reflects the accrual of interest at the default rate of 8.25% on the unpaid principal balance of the loans of $38,477,055.76 from April 4, 2013 to today, less the five (5) partial interest payments totaling $867,640.24 made by Mr. Lichtin and the Family Partnership over this time." (Joint Acctg. at 2). Further, the Joint Accounting provided that "post-judgment interest should continue to accrue at the contract rate of 8.25% on the outstanding principal balance of $38,477,055.76. The total amount described here does not include reasonable attorneys' fees and costs of collection incurred by ERGS to enforce the guaranties." (Joint Acctg. at 2). The parties attached a Proposed Form of Judgment to the Joint Accounting entering judgment against the Defendants in favor of ERGS.

On August 22, 2013, the District Court conducted a telephonic hearing where the District Court heard further argument, including argument as to the issue of post-judgment interest where plaintiff contends under the loan documentation that post-judgment interest should accrue at the contract rate of eight and a quarter percent (8.25%).

On August 22, 2013, the District Court denied the remaining part of plaintiff's motion for summary judgment as to attorneys' fees. The District Court, however, held in abeyance the issue

5

of post-judgment interest and set a briefing schedule regarding that issue. As to the claim amount, the District Court noted there is no dispute between the parties and that the stipulated and agreed amount of the indebtedness owed to plaintiff as of August 20, 2013 was $40,958,700.74 as reflected in the Joint Accounting. The District Court noted that the Bankruptcy Court would be hearing the issue concerning attorneys' fees in the bankruptcy action on August 28, 2013 and requested that the Chapter 7 Trustee submit a report of the proceeding in the Bankruptcy Court to the District Court concerning attorneys' fees related to work undertaken in the bankruptcy case.

Pursuant to its Motion to Determine Value of Claim Secured by Liens, ERGS contends it has a secured claim against the Debtor in the amount not less than $43,398,901.53 as of July 31, 2013. Of that amount, ERGS states $2,440,888.30 represents total attorney fees and expenses as of July 31, 2013.

The Court finds that ERGS is estopped from claiming an amount different from the principal and interest amount stipulated to by the parties in the Joint Accounting. In the District Court action, the parties conducted discovery regarding the quantification of the indebtedness owed to the plaintiff. In its motion for extension of time to complete discovery, the Defendants stated:

> defense counsel had worked diligently with two separate consultants that have been engaged to assist with analyzing and quantifying the alleged debt identified within the complaint. Within the next week counsel for defendants scheduled a conference call with accountants in order to obtain a listing of discoverable items needed from plaintiff. Thereafter, defendants prepared eighty-three (83) requests for production of documents and seven (7) interrogatories, and on 1 February 2013, this discovery was served on plaintiff's counsel.

(Dfts' Mtn to Enlarge Time to Complete Discovery and to File a Response to Pls. Mtn. for Summ. J. at 1-2, Feb. 28, 2013, ECF No. 48.) On August 13, 2013, the District Court directed the parties to "confer and submit a joint accounting and confirmation by August 20, 2013, of the total amount

6

of indebtedness owed to plaintiff under the guaranty agreements as of that date, taking into account any payments made on the underlying debt, together with a proposed form of judgment." *ERGS II, L.L.C. v Harold S. Lichtin, Harold S. Lichtin Family Limited Partnership*, No. 5:12-CV-431-FL (E.D.N.C. Aug. 13, 2013). Further the order set the matter for final hearing on August 21, 2013, at which time the District Court would also receive any further argument on the issue of the amount of attorneys' fees, expenses, and costs owing to plaintiff, and make its determination. After discovery and conferring together, the parties submitted the Joint Accounting along with the Proposed Form of Judgment on August 20, 2013. In the Joint Accounting the parties clearly identify the total amount of indebtedness as of August 20, 2013 owed to the plaintiff was $40,958,700.94, exclusive of reasonable attorneys' fees and costs of collection incurred by ERGS to enforce the guaranties. The Joint Accounting provided that post-judgment interest should continue to accrue at the contract rate of 8.25%. In the District Court's August 22, 2013, order it stated there was no dispute between the parties that the total amount of indebtedness was $40,958,700.74. The District Court held in abeyance the issue of post-judgment interest and set a briefing schedule regarding that issue.

Based on the Joint Accounting submitted by the parties and the District Court's August 22, 2013 order, this Court finds that ERGS has an allowed secured claim against the Debtor in the amount of $40,958,700.74 as of August 20, 2013. This result is consistent with the findings of the District Court.

As to the postpetition interest rate, the Court finds that ERGS is entitled to recover postpetition interest at the contractually agreed to default rate of 8.25% (which consists of the contract rate of interest at 5% plus the default rate of interest at 3.25%). The promissory notes provide:

7

> From and after any event of default hereunder, interest shall accrue on the sum of the principal balance and accrued interest then outstanding at the variable interest rate equal to [Branch Banking & Trust Company's] **Prime Rate plus 5% per annum** ("Default Rate") until such principal and interest have been paid in full, provided that such rate shall not exceed at any time the highest rate of interest permitted by the laws of the State of North Carolina; and further provided that such rate shall also apply after judgment.

ERGS's Mtn. To Determine Value of Claim, Exhibit A-1 at 2; Exhibit A-2 at 2; Exhibit A-3 at 2; Exhibit A-4 at 2.

BB&T declared the promissory notes in default on January 30, 2012.

Determining whether interest will be allowed at the default rate is done on a "case-by-case basis and is fact specific." *In re Deep River Warehouse, Inc.*, 2005 WL 1513123 at 3 (Bankr. M.D.N.C. 2005); *In re Harvest Oaks Drive Assoc., LLC*, 2011 WL 124495 (Bankr. E.D.N.C. 2011); *In re Mercer's Enters., Inc.* Case No. 04-09168-8-JRL (Bankr. E.D.N.C. Oct. 31, 2005). Judge Humrickhouse recently addressed the issue of default rate interest versus contract rate interest in *In re Harvest Oaks Drive Assoc., LLC*, 2011 WL 124495 (Bankr. E.D.N.C. 2011). There, the Court considered a default rate of interest of 11.13%, which consisted of the contract rate of 6.13% plus 5%. The Bankruptcy Court held that the "reasonableness" test of 11 U.S.C. § 506(b) applied, and found the default rate interest was not inequitable, punitive or unfair in nature. The Trustee's proposed sale of the Debtor's assets will net a return of approximately $45,750,000.00 from the proposed stalking horse purchaser. Accordingly, ERGS is an oversecured creditor. Based on the terms of the promissory note, the Joint Accounting submitted by the parties, and the oversecured status of ERGS, the Court finds that the contract default rate interest of 8.25% is reasonable. Therefore, ERGS is entitled to receive the contract default interest rate of 8.25%. *See In re Hughes*, 230 B.R. 213, 230 (Bankr. M. D. Ga. 1998) (awarding oversecured creditor postpetition interest at

8

default rate of 24% as provided for in the security agreement with the chapter 7 debtor. *Equitable Life Assurance Society v. Sublett (In re Sublett)* 895 F.2d 1381 (11th Cir. 1990)).

Within its Motion to Determine Value of Claim Secured by Liens, ERGS also requests attorneys' fees in the amount of $2,077,779.53 and costs in the amount of $363,109.24 through July 31, 2013. The hearing on the attorneys' fees issue is continued until Friday, September 20, 2013. ERGS is directed to file detailed accounts regarding its attorneys' fees and costs requests with this Court under seal. Further, ERGS is directed to provide detailed accounts to requesting parties who sign a Confidentiality Agreement. Any objection as to the attorneys' fees of ERGS shall be filed on or before Friday, September 13, 2013.

**SO ORDERED.**

**END OF DOCUMENT**